UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.
JUDGE:

BRENDA DI IOIA
    Consumer/Plaintiff
v.

ZWICKER & ASSOCIATES, P.C.
    Debt Collector/Defendant
And

DFS Services, LLC aka Discover Financial Services
    A Florida corporation
_____/

## CONSUMER PROTECTION COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff/Consumer, BRENDA DI IOIA, by and through the undersigned counsel, and sues the Defendant, ZWICKER & ASSOCIATES, P.C. and as grounds therefore would state:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

4. All alleged violations of the Consumer Protection laws occurred in Broward County, Florida.

1

## PARTIES

5. At all pertinent times, Plaintiff/Consumer DI IOIA was and remains a natural person who is domiciled in Broward County, Florida.

6. Plaintiff/Consumer DI IOIA is an "individual consumer" as defined in the FDCPA §1692 a (3) and is alleged to have incurred a financial obligation for personal, family or household purposes, specifically a debt with DFS Services, LLC.

7. Defendant Zwicker & Associates, P.C. (hereafter "Zwicker & Associates") is a foreign for-profit corporation engaged in the business of collecting debts with its principle place of business located at 80 Minuteman Road, Andover, Massachusetts 01810.

8. Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. is both a "person" and "user" of consumer credit and other financial information, as well as a "furnisher of information as said terms are defined and contemplated respectively, under the FCRA 15 USC § 1681.

9. Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55 (6) specifically the Defendant is a business entity whose principle business purpose is the collection of debts.

10. Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. regularly uses United States mail and/or other instrumentalities of interstate commerce in a business, which is the collection of debts or the attempt to collect debts for other parties.

11. Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C maintains a less than stellar reputation within the debt collection industry. According to the Better Business Bureau, the Defendant/Debt Collector does not enjoy accreditation, has an "F" rating on an A to F scale and has had at least 55 complaints filed with the BBB within the last 36 months.

12. In addition, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C is currently under investigation and has been sued by the NY State Attorney General for fraud.

13. Defendant DFS Services, LLC f/k/a Discover Financial Services is a foreign for-profit corporation engaged in the business of providing financial services with its principle place of business located at 2500 Lake Cook Road, Riverwoods, IL 60015.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. The Plaintiff/Consumer DI IOIA entered disputes with the Equifax, Experian and Trans Union consumer reporting agencies disputing accuracy and/or completeness of the alleged debt as reported by the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C.

15. The Plaintiff/Consumer DI IOIA entered disputes with the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. disputing the accuracy and/or completeness of the alleged debt as reported by the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C.

16. As a result of the acts alleged in this complaint, Plaintiff/Consumer DI IOIA, suffered headaches, nausea, embarrassment, and weight loss, and incurred expenses for mediations.

17. As a result of Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C.'s actions, the Plaintiff/ Consumer DI IOIA has suffered damage to her credit worthiness.

18. As a result of Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C.'s actions, the Plaintiff/ Consumer DI IOIA's credit score has been reduced thereby negatively impacting his/her ability to obtain financing or extensions of credit.

19. Defendant DFS Services, LLC employed Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. to attempt to collect an alleged owed debt.

### COUNT I – VIOLATION OF FLORIDA STATUTE § 559.72
### (FLORIDA CONSUMER COLLECTION PRACTICES ACT)
### PROHIBITED PRACTICES
### AS TO DEFENDANT ZWICKER & ASSOCIATES

Plaintiff/Consumer DI IOIA re-avers and re-alleges each and every allegation contained within paragraphs 1 through 19, as though more fully set forth herein, and further states:

**HARASSMENT**

20. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. by and through its agents and employees, violated the provisions of Florida Statute, §559.72 (7), by willfully communicating with the Plaintiff or

3

any member of her family with such frequency as can reasonably be expected to harass the Plaintiff/Consumer or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the Plaintiff/Consumer or any member of her family specifically:

    a. Repeated unsigned dunning letters dated 5/19/09 and 6/24/09 that simulate legal process when none is actually occurring. See **Exhibit A and B** attached hereto.

    b. Repeated unsigned dunning letters dated 5/19/09 and 6/24/09 that do not indicate who the original creditor actually is. The letters state "Re: DFS Services, LLC" and refer to a "client" without disclosing who this "client" is. See **Exhibit A and B** attached hereto.

**FAILURE TO INFORM THAT DEBT IS DISPUTED**

21. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of Florida Statute, §559.72 (6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff/Consumer without disclosing that fact.

    a.   Plaintiff disputed this debt to the Defendant/Debt Collector and the CRAs.

**COLLECTING A DEBT NOT OWED**

22. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of Florida Statute, §559.72 (9) by claiming, attempting or threatening to enforce a debt when the Defendant/Debt Collector knows that the debt is not legitimate or asserting the existence of some other legal right that the Defendant/Debt Collector knows that the right does not exist specifically:

    a.   Plaintiff disputed this debt to the Defendant/Debt Collector and the CRAs.

    b.   The Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C, by and through its agents and employees has not or cannot produce any document or evidence of a written or oral agreement showing that the Plaintiff/Consumer authorized the extension of credit or payment terms to DFS Services, LLC.

**IMITATING LEGAL PROCESS**

23. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated

4

the provisions of Florida Statute, §559.72 (10) by sending unsigned letters dated 5/19/09 and 6/24/09 attached hereto as **Exhibit A and B**, crafted to simulate legal process and which give the intentional appearance of being authorized, issued or approved by an attorney at law, when it is not.

### IMITATING LEGAL AUTHORITY

24. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. by and through its agents and employees, violated the provisions of Florida Statute, §559.72 (11) by sending the unsigned dunning letters attached hereto as **Exhibit A and B**, under the guise of an attorney by using the stationery of an attorney.

25. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of Florida Statute, §559.72 (12) by communicating with the Plaintiff via phone, via voicemail and in writing, see attached **Exhibit A and B**, in such a manner as to give the false impression or appearance that such person is or is associated with an attorney.

### PROHIBITED COMMUNICATION

26. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of Florida Statute, §559.72 (17) by communicating with the Plaintiff/Consumer between the hours of 9 p.m. and 8 a.m. in the Consumer's time zone without the prior consent of the Plaintiff/Consumer.

WHEREFORE, the Plaintiff/Consumer DI IOIA, demands judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., for an award of actual damages; statutory damages and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; declaratory relief including but not limited to an order directing that the Defendant/Debt Collector immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant/Debt Collector furnishes credit information and such other relief this court deems necessary, equitable and proper.

## COUNT II
## CLAIM FOR PERMANENT INJUNCTIVE RELIEF
## AS TO DEFENDANT ZWICKER & ASSOCIATES

Plaintiff/Consumer re-avers and re-alleges each and every allegation contained within paragraphs 1 through 19, as though more fully set forth herein, and further states:

27. This is an action for injunctive relief that is brought pursuant to section 559.77, Florida Statute. Pursuant to said section, the Court may enjoin the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. from committing further violations of section 559.72.

28. There is a substantial likelihood of irreparable harm if Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. conduct is not enjoined because it would allow the Defendant/Debt Collector to continue an attempt to collect the alleged debt from the Plaintiff/Consumer and continue to damage the Plaintiff/Consumer's good name and reputation within the community by and through a reduced credit score.

29. The Plaintiff/Consumer has no adequate remedy at law to prevent further violations of section 559.72, Florida Statute.

30. There is a substantial likelihood of success on the merits, and this injunction will best serve the public interest.

31. The Plaintiff/Consumer has retained the undersigned attorney in the prosecution of this action and is obligated to pay him reasonable attorney's fees. Attorney's fees are recoverable pursuant to Florida Statute, section 559.77.

WHEREFORE, Plaintiff/Consumer DI IOIA demands judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., permanently enjoining said Defendant from any further collection of the aforementioned alleged debt, or violations of section 559.72, Florida Statute, exclusive of attorney's fees, which are prayed for in addition thereto.

## COUNT III – VIOLATION OF 15 USC §1692 (f) ET. SEQ.
## (FAIR DEBT COLLECTION PRACTICES ACT)
## UNAUTHORIZED/UNFAIR DEBT COLLECTION
## AS TO DEFENDANT ZWICKER & ASSOCIATES

Plaintiff re-avers and re-alleges each and every allegation contained within paragraphs 1 through 19, as though more fully set forth herein, and further states:

6

**DUNNING FOR A DEBT NOT OWED**

32. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (f) (1) by collecting a debt that is not authorized by agreement specifically:

    a. The Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C, by and through its agents and employees has not or cannot produce any document or evidence of a written or oral agreement showing that the Plaintiff/Consumer authorized the extension of credit or payment terms to DFS Services, LLC.

WHEREFORE, the Plaintiff/Consumer DI IOIA, demands judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., for an award of actual damages pursuant to 15 USC §1692 k(a)(1); statutory damages in an amount not to exceed $1,000.00 per violation pursuant to 15 USC §1692 k(a)(2)(A); and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; declaratory relief including but not limited to an order directing that the Defendant/Debt Collector immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant/Debt Collector furnishes credit information and such other relief this court deems necessary, equitable and proper.

### COUNT IV – VIOLATION OF 15 USC §1692 (e)
### (FAIR DEBT COLLECTION PRACTICES ACT)
### FALSE OR MISLEADING REPRESENTIONS
### IN COMMUNICATIONS
### AS TO DEFENDANT ZWICKER & ASSOCIATES

Plaintiff re-avers and re-alleges each and every allegation contained within paragraphs 1 through 19, as though more fully set forth herein, and further states:

**DECEPTIVE DEBT COLLECTION**

33. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (e) by engaging in deceptive conduct, specifically:

7

    a. Sending unsigned dunning letters dated 5/19/09 and 6/24/09 that demonstrate the intent to simulate attorney action without actually being from or even reviewed by an attorney.

**FALSE CHARACTER, AMOUNT OR LEGAL STATUS OF DEBT**

    34.    In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (e)(2) by using false and deceptive documents that misrepresent the character, amount or legal status of the debt. See **Exhibit A and B** attached hereto.

    a.    Specifically sending unsigned dunning letters dated 5/19/09 and 6/24/09 that demonstrate the intent to simulate attorney action without actually being from or even reviewed by an attorney.

    b.    Specifically using language in the dunning letter dated 5/19/09 that

> *"Your balance may include additional charges including delinquency charges, as applied at the direction of our client if said charges are permissible in accordance with the terms of your agreement."*

This language fails to clearly state the amount of the debt and is reasonably susceptible to an inaccurate reading of this requirement specifically as to what the total amount of the alleged debt is.

**AFFILIATION WITH AN ATTORNEY**

    35.    In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (e)(3) by sending unsigned dunning letters dated 5/19/09 and 6/24/09 crafted to seem as if it is affiliated with or from an attorney and/or that the individual communicating with the Plaintiff/Consumer is an attorney. See attached **Exhibit A and B**.

**FAILURE TO REPORT DEBT AS DISPUTED**

    36.    In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (e)(8) by failing to communicate that the debt was disputed.

a. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, did not advise that the debt was disputed.

**DECEPTIVE DOCUMENTS**

37. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (e)(9) by sending unsigned dunning letters dated 5/19/09 and 6/24/09 intentionally crafted to seem as if it is authorized, issued or approved by legal authority when it is not.  See attached **Exhibit A and B**.

WHEREFORE, the Plaintiff/Consumer DI IOIA, demands judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., for an award of actual damages pursuant to 15 USC §1692 k(a)(1); statutory damages in an amount not to exceed $1,000.00 per violation pursuant to 15 USC §1692 k(a)(2)(A); and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; declaratory relief including but not limited to an order directing that the Defendant/Debt Collector immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant/Debt Collector furnishes credit information and such other relief this court deems necessary, equitable and proper

## COUNT V – VIOLATION OF 15 USC §1692 (g)
## (FAIR DEBT COLLECTION PRACTICES ACT)
## FAILURE TO VALIDATE
## AS TO DEFENDANT ZWICKER & ASSOCIATES

Plaintiff re-avers and re-alleges each and every allegation contained within paragraphs 1 through 19, as though more fully set forth herein, and further states:

**FAILURE TO VALIDATE**

38. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act 15 USC § 1692g(a)(1-5) by failing to provide appropriate notice of the alleged debt within 5 days after the initial communication including: (1) the name of the creditor to whom the debt is owed; (2) a statement that unless the consumer, within 30 days after receipt of the notice, disputes

the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

WHEREFORE, the Plaintiff/Consumer DI IOIA, demands judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., for an award of actual damages pursuant to 15 USC §1692 k(a)(1); statutory damages in an amount not to exceed $1,000.00 per violation pursuant to 15 USC §1692 k(a)(2)(A); and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; declaratory relief including but not limited to an order directing that the Defendant/Debt Collector immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant/Debt Collector furnishes credit information and such other relief this court deems necessary, equitable and proper.

## COUNT VI– VIOLATION OF 15 USC §1681
### (FAIR CREDIT REPORTING ACT & AMENDMENTS)
### FAILURE TO COMPLY WITH REQUIREMENTS
### FOR FURNISHERS OF INFORMATION
### AS TO ALL DEFENDANTS

Plaintiff re-avers and re-alleges each and every allegation contained within paragraphs 1 through 19, as though more fully set forth herein, and further states:

**FAILURE TO INVESTIGATE AND CORRECT**

39. In attempting to collect the alleged debt, the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., and DSF SERVICES, LLC. by and through its agents and employees, violated the provisions of the Fair Credit Reporting Act 15 USC §1681(n), 15 USC §1681 (o) and 15 USC §1681 (2)(b) by:

a. Willfully and/or negligently failing to conduct an investigation of the inaccurate or incomplete information that the Plaintiff/Consumer disputed;

b. Willfully and/or negligently failing to review all relevant information concerning the Plaintiff/Consumer's account;

c. Willfully and/or negligently failing to report the results of their investigation of the inaccurate/incomplete information to all credit reporting agencies;

d. Willfully and/or negligently failing to modify or delete the inaccurate/incomplete information in the Plaintiff/Consumer's file after conducting an investigation;

e. Willfully and/or negligently failing to modify or delete the inaccurate/incomplete information in the Plaintiff/Consumer's file after conducting a re-investigation;

f. Willfully and/or negligently failing to permanently block the reporting of the inaccurate/incomplete information as disputed by the Plaintiff/Consumer and by continuing to furnish inaccurate/incomplete information to all credit reporting agencies;

g. Willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 USC §1681 (2)(b).

40. As a direct and proximate result of the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C.'s and DSF SERVICES, LLC's violation(s) of the Fair Debt Collection Practices Act, Plaintiff/Consumer has suffered out-of-pocket expenses as well as other actual damages, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish, humiliation and the embarrassment of credit denials.

WHEREFORE, the Plaintiff/Consumer DI IOIA, demands judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C., for an award of actual; statutory damages; and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; punitive damages as permitted by law, declaratory relief including but not limited to an order directing that the Defendant/Debt Collector immediately delete the debt from Plaintiff's credit.

## COUNT VII–NEGLIGENT RETENTION
## AS TO DSF SERVICES, INC.

Plaintiff re-avers and re-alleges each and every allegation contained within paragraphs 1 through 19, as though more fully set forth herein, and further states:

41. Defendant DSF SERVICES, INC. after employment of ZWICKER & ASSOCIATES, P.C as their debt collector was aware, or should have become aware, of improper collection activities that indicates unfitness to perform the task for which they were hired.

a. Specifically, a simple Internet search evidences numerous complaints, lawsuits and investigations against ZWICKER & ASSOCIATES, P.C. and/or an inquiry of the Better Business Bureau reveals the lowest rating possible for this debt collector among other similarly situated debt collection businesses.

42. Defendant DSF SERVICES, INC owes a duty to the Plaintiff and the public at large to protect them from damage of known improper collection activities and certain violations of the Consumer Protection laws, which govern much of the financial services industry.

43. Defendant DSF SERVICES, INC breached this duty by failing to investigate, discharge and/or terminate employment of ZWICKER & ASSOCIATES, P.C.

WHEREFORE, the Plaintiff/Consumer DI IOIA, demands judgment against Defendant DSF SERVICES, INC, attorney fees and costs as provided for by law and any further relief this Honorable court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff/Consumer DI IOIA further demands a trial by jury on all issues so triable.

## RELIEF SOUGHT

WHEREFORE, Plaintiff/Consumer DI IOIA, by and through the undersigned counsel, demands relief against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C, and DSF SERVICES, LLC as follows:

- A.) A judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C. and DSF SERVICES LLC in an amount equal to any actual damages sustained by Plaintiff/Consumer DI IOIA.
- B.) A judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C and DSF SERVICES LLC for statutory damages in an amount equal to $1,000.00 per violation.
- C.) A judgment against the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C for punitive damages in the amount this court deems reasonable.
- D.) Pre and post judgment interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.
- E.) An award of attorneys' fees and costs herein incurred.
- F.) Temporary and/or injunctive relief precluding the Defendant/Debt Collector ZWICKER & ASSOCIATES, P.C from further obtaining or using Plaintiff/Consumer DI IOIA's consumer report.

G.) An order directing ZWICKER & ASSOCIATES, P.C and DSF SERVICES LLC to immediately delete all inaccurate or incomplete information from the Plaintiff/Consumer's credit reports and files and to cease reporting the inaccurate or incomplete information to any and all persons and entities to whom they report consumer credit information.

H.) Any and all other relief to which Plaintiff/Consumer DI IOIA may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

DATED THIS _____ DAY OF MAY, 2010.

Respectfully Submitted by,

The Fair Credit Law Group, LLC
20423 State Road 7
Suite F6-477
Boca Raton, FL 33498
Tel: 954-334-7670
Fax: 954-334-7668

By: _____
Paul A. Herman, Esquire
Fla. Bar No. 0405175

Adam R. Barnett & Associates, P.A.
517 SW 1st Ave.
Fort Lauderdale, FL 33301
Phone: 954-763-2203
Fax: 954-524-4169

By: _____
Adam R. Barnett, Esquire
Fla. Bar No. 0035286